# OFFICE OF THE ATTORNEY GENERAL OF TEXAS
## AUSTIN

GROVER SELLERS
ATTORNEY GENERAL

Hon. Leroy L. Moore
County Attorney
Houston County
Crockett, Texas

Dear Mr. Moore:

> Opinion No. 0-7248
> Re: Is it jurisdictional that suits for
> State and County ad valorem taxes
> be filed in the district court of
> the county where the land is located
> and the taxes assessed?

You request the opinion of this Department upon the questions contained in your letter, from which we quote as follows:

"The McKinney and Williams 320 acre survey of land lies partly in Houston County and partly in Trinity County. All of this land except 40 acres is in Houston County. This 40 acres is a part of a tract of 120 acres which is jointly owned by several people. Taxes have been assessed against 80 acres by the taxing authorities of Houston County and against 40 acres by the taxing authorities of Trinity County. Some of the owners are unknown and it will be necessary to obtain service by publication. The parties desire that one suit for the taxes due both counties be filed, if possible. If this can be done considerable expense will be avoided.

"I find that the statute provides that tax suits be filed in the county where the land is situated. It seems that no decision has been rendered holding whether this statute is jurisdictional or is a venue statute.

"Please advise whether or not the State of Texas can file suit in either Houston County or Trinity County for State taxes and taxes due both counties by the owners of this land."

NO COMMUNICATION IS TO BE CONSTRUED AS A DEPARTMENTAL OPINION UNLESS APPROVED BY THE ATTORNEY GENERAL OR FIRST ASSISTANT

Hon. Leroy L. Moore, page 2

The question for answer is:  Is it jurisdictional that suits for State and County ad valorem taxes be filed in the district court of the county where the land is located and the taxes assessed?

We think the answer to this question is found in the statutes, the pertinent provisions of which we shall state as follows:

"All actions or suits for the collection of delinquent ad valorem taxes on either real or personal property due the State of Texas or any political subdivisions thereof, shall be brought in a court of competent jurisdiction in the County in which such taxes were levied."  (Art. 7345b-1, V.R.C.S.)

This provision of the statute was passed by the 48th Legislature, S. B. No. 40, 48th Legislature, page 191, and we think the emergency clause makes it plain that it is the legislative intent that suit for delinquent ad valorem taxes may be maintained only in the county in which the land is situated.  This is manifest by the emergency clause which is as follows:

"The fact that there is now no plain provision of law permitting an action or suit for collection of delinquent ad valorem taxes on personal property to be maintained as against pleas of privilege by non-resident taxpayers in the County in which such taxes have been levied and in which such taxes are payable, and certain Courts of Appeals have held that such suits are governed by the general rule of venue in civil actions and may be removed upon pleas of privilege to Counties other than those in which such taxes are payable, thereby requiring county and/or district officers to travel and transport official records to distant Counties in order to enforce payment of the legal dues, at great hardship, inconvenience and prohibitive expense to the Counties and units involved, thereby affecting the public revenue, creates an imperative public necessity and an emergency requiring the suspension of the Constitutional Rule requiring bills to be read on three several days, said Rule is hereby suspended, and this Act shall take effect and be in force from and after its passage, and it is so enacted."

Even prior to the enactment of S. B. No. 40, we think it true that as to delinquent ad valorem taxes against real estate, suit was required to be filed in the county in which the land was situated. The purpose of this legislative enactment was to make the rule equally applicable to suits for delinquent ad valorem taxes on personal property. Furthermore, Art. 7326, V. R. C. S., provides:

"Whenever any taxes on real estate have become delinquent it shall be the duty of the county attorney upon the expiration of the thirty days notice provided for in the two preceding articles or as soon thereafter as practicable, to file suit in the name of the State of Texas in the district court of the county where such real estate is situated, for the total amount of taxes, interest, penalty and costs that have remained unpaid for all years since the thirty-first day of December, 1908, with interest computed thereon to the time fixed for the trial thereof at the rate of six per cent per annum, and shall pray for judgment for the payment of the several amounts so specified therein and shown to be due and unpaid by the delinquent tax records of said county; . . ." (Emphasis ours)

The foregoing is sufficient to demonstrate that suits for delinquent ad valorem taxes may be maintained only in the county where the real estate is situated, and that in the situation presented by you it will require that separate suits be filed in the respective counties in which the land is situated, and this regardless of whether personal service or service by publication is required.

You are, therefore, accordingly so advised.

Yours very truly

ATTORNEY GENERAL OF TEXAS

By

L. P. Lollar
Assistant

APPROVED AUG 20 1946

ATTORNEY GENERAL OF TEXAS

LPL:AMM


APPROVED OPINION COMMITTEE BY CHAIRMAN